## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMINI NERSON, | : | |
| Petitioner | : | |
| | : | No. 1:23–cv–00608 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, et al., | : | |
| Respondents | : | |

### MEMORANDUM

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which Petitioner Amini Nerson ("Nerson") seeks credit towards his federal sentence for time that he spent in state custody prior to being taken into federal custody.  For the following reasons, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

## I.      BACKGROUND

Nerson is currently incarcerated by the United States Bureau of Prisons ("BOP") in Allenwood Federal Correctional Institution ("FCI-Allenwood").  He is serving a 32-month sentence imposed by the United States District Court for the Western District of Pennsylvania for possession of a firearm by a convicted felon.  See United States v. Nerson, No. 2:20-cr-00359 (W.D. Pa. Jan. 26, 2022), ECF No. 54.

Nerson filed the instant petition on April 4, 2023, and the Court received and docketed the petition on April 11, 2023.  (Doc. No. 1.)  Nerson seeks time credit towards his sentence for time spent in state custody prior to entering federal custody.  (Id. at 6–7.)  He acknowledges that he has not exhausted administrative remedies but asserts that exhaustion is not necessary because the claim is one of "interpretation of law."  (Id. at 2.)  The Court found this conclusory and unsupported assertion insufficient to excuse exhaustion and accordingly ordered Nerson to show

cause on or before May 24, 2023 as to why this case should not be dismissed for failure to exhaust administrative remedies.  (Doc. No. 5.)  Nerson has not responded to the Court's Order.

## II.    LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  See 28 U.S.C. § 2254 Rule 1.

## III.   DISCUSSION

The Court will exercise its discretion under Rule 4 and dismiss this case for failure to exhaust administrative remedies.  28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  See id. at 761–62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is not required when it would not promote these goals, such as when it would be futile.  See, e.g., Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  See 28 C.F.R. §

542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  See id. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within 20 calendar days "following the date on which the basis for the Request occurred."  See id. § 542.14(a).  The warden is to respond to the request within 20 calendar days.  See id. § 542.18.  An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response."  See id. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response."  See id.  The General Counsel's response is due within 40 calendar days; however, the time period for response may be extended by 20 days.  See id. § 542.18.

In this case, Nerson's petition acknowledges that he has not exhausted administrative remedies but asserts that exhaustion is not necessary because the claim is one of "interpretation of law."  (Doc. No.1 at 2.)  As the Court previously concluded, "this conclusory and unsupported assertion" is "not sufficient to excuse the administrative exhaustion requirement."  (Doc. No. 5 at 1.)  Nerson has not provided any additional information in response to the Court's show-cause Order as to how he exhausted administrative remedies or as to why exhaustion is excused.  Accordingly, the Court will dismiss this case for failure to exhaust administrative remedies.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will dismiss Nerson's petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania